No. 6.—BENJ. O. KEATON, plaintiff in error, vs. ELIZABETH MUSGROVE, Adm'r., defendant in error.

When four years have elapsed and no action been had upon a motion for a new trial, the jury have a right to infer that it has been abandoned, or that it is kept pending collusively, where the liability over of the successful party in the suit, is dependent upon the termination of the litigation.

Complaint and motion for new trial, in Baker Superior Court.    Tried before Judge POWERS, at December Term, 1856.

This was an action by Elizabeth Musgrove, administratrix of Kinchen Musgrove, deceased, for the use of another, against Benjamin O. Keaton, on the following instrument, to-wit:

"This is to certify that I have this day traded for a note on Needham Collier, principal, $800.    I bind myself when collected, to pay Kinchen Musgrove five hundred dollars, with interest from this date.    July 4th, 1837.

(Signed,)          B. O. KEATON.

Test, L. D. HALL.

Credited thus: "Received on the within, in notes on S. G. Musgrove and some money, one hundred and seventy-two dollars, this 18th November, 1837.

(Signed,)          M. T. MUSGROVE."

"Received on the within, twenty-five dollars, this 18th November, 1837.

"Received on the within, fifteen dollars, this 5th December, 1837."

Defendant pleaded the general issue, payment, and the statute of limitations.

Plaintiff proved by Needham Collier, that in 1836, he gave his note to John Musgrove for $800, and that afterwards, he understood that it was traded to Mr. Keaton in 1837; he had a settlement with Keaton in regard to matters between them, and in the settlement he paid Keaton some fifteen hundred dollars, and about $750 of which was to go upon said note, provided Keaton was successful in defending an action of trover, then pending in Baker Superior Court, at the suit of Larkin E. Musgrove, administrator of John Musgrove, deceased, against said Keaton, for that note.

The understanding was, that if Mr. Keaton gained the lawsuit the payment was to be placed on said note; that if said suit was not gained, Keaton was to refund said amount; that he took a receipt from Keaton to this effect. Never saw the note in Keaton's hand. It never has been given up to him. The note shown him by defendant is the one alluded to. He got possession of the receipt sued on by an advance of $120, and held it for his reimbursement after he went to Hawkinsville in 1843; that he turned it over to Samuel Clayton to collect it out of Keaton; does not know whether Clayton sued or not.

Defendant offered in evidence the note of Collier, referred to, which is as follows:

"$800. On the 1st of January next, I promise to pay John Musgrove, senior, eight hundred dollars, for value received. May 10th, 1836.

(Signed,)      N. W. COLLIER.

*Test*, THOS. HAM."

He also proved that Kinchen Musgrove died 30th April, 1845; and introduced an exemplification of an action of trover from Baker Superior Court, returned to March Term, 1842, in favor of Larkin E. Musgrove, administrator, of John Musgrove, against Benj. O. Keaton, for said note, in which there was a verdict on appeal for Keaton at December Term, 1845, and at the same Term, a rule *nisi,* for a new trial granted by the Hon. LOTT WARREN, Judge of said Court, which was called from Term to Term, until Spring Term 1847, and since that time, has not been called, and the record is silent as to the entries on the docket.

The jury found for the plaintiff $304 65, principal, and $449 92 interest, with interest from 5th of June, 1856.

Defendant obtained a rule *nisi,* for a new trial, on the following grounds, viz:

1st. Because the verdict is contrary to law.

2d. Because the verdict is contrary to evidence, and the weight of evidence.

3d. Because the verdict is contrary to the charge of the Court, which was " that upon an agreement in writing to pay money as soon as a certain note was collected, the statute of limitations will commence to run as soon as said money is collected or a reasonable time has elapsed for its collection; and after six years from either event the instrument is barred; if the statute began to run before the death of Musgrove, it continued to run afterwards, allowing twelve months for taking out letters of administration.

If the statutory bar was complete at Musgrove's death, it remained so, notwithstanding letters of administration should be afterwards granted. If Keaton collected the money from Collier, upon condition to return it, or retain it upon the event of a certain suit, and that suit is still pending, it is not in fact a collection; if the payment by Collier to Keaton was an absolute payment, the statute runs from that payment, and

if the statutory period has elapsed since said payment, Keaton is not liable."

The Court refused to make the rule *nisi* absolute, and overruled the motion for a new trial, and defendant excepts.

HINES & HOBBS; and CLARK, for plaintiff in error.

STROZIER, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

One of the Judges thinks that the obligation of B. O. Keaton to pay five hundred dollars, became absolute in 1845, when the judgment in trover was rendered in his favor upon the appeal, notwithstanding the motion for new trial; and we all agree that from the fact, that no action was had on the motion for a new trial since 1847, that the jury had a right to infer that the motion was abandoned by Larkin E. Musgrove, the administrator of John Musgrove, and that a settlement took place, or else the case was collusively kept on the docket to prevent the liability of Keaton from attaching, and in either event Keaton would be liable. Indeed, if a reasonable time elapsed, and surely four years after final judgment was long enough, and he failed to bring this litigation to a close, he should be held responsible upon his contract.

The statute of limitations is no bar in this case, because the conditional suit did not terminate till December, 1845, if then; and Kinchen Musgrove died the April before; consequently the statute of limitations did not begin to run until there was an administration upon his estate, which was within four years next preceding the commencement of the present action.

Judgment affirmed.